Case 2:21-cr-00447-VAP Document 1 Filed 09/21/21 Page 1 of 7 Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
09/21/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_DM\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>ANTHONY BROWN,<br>  aka "Kristen Funone,"<br><br>     Defendant. | CR 2:21-cr-00447-FMO<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about November 3, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANTHONY BROWN, also known as "Kristen Funone," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an internet-based messaging application, and which had been shipped and transported in and affecting interstate and

foreign commerce by any means, including by computer and cellular telephone, knowing that the images were child pornography.

The child pornography that defendant BROWN distributed consisted of the following images:

(1)  An image with MeWe image ID 5dbec28e84a865220432681b, depicting a nude minor female lying on fabric; and

(2)  An image with MeWe image ID 5dbec4fc3060507b630e34f4, depicting two minor females with their genitalia exposed on a beach.

COUNT TWO

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about November 4, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANTHONY BROWN, also known as "Kristen Funone," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an internet-based messaging application, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the images were child pornography.

The child pornography that defendant BROWN distributed consisted of an image with MeWe image ID 5dc00c45e82b2d23631a9616, depicting a nude minor female.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about April 6, 2020, in Los Angeles County, within the Central District of California, defendant ANTHONY BROWN, also known as "Kristen Funone," knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, an internet-based messaging application, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the images and videos were child pornography.

The child pornography that defendant BROWN distributed consisted of the following images:

(1) An image with MeWe image ID 5e8bc94221cb721173bfa82d, depicting a nude minor female holding the penis of what appears to be an adult male; and

(2) A video with MeWe image ID 5e8bc9b7f1683221d0b4b4af, depicting a nude minor female performing oral copulation on what appears to be an adult male.

Case 2:21-cr-00447-VAP   Document 1   Filed 09/21/21   Page 5 of 7   Page ID #:5

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

Beginning on a date unknown to the Grand Jury, but no earlier than on or about October 28, 2019, and continuing until at least on or about May 13, 2020, in Los Angeles County, within the Central District of California, defendant ANTHONY BROWN, also known as "Kristen Funone," knowingly possessed at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant BROWN possessed consisted of an image with MeWe image ID 5dcee576aaf1131785718380, depicting a clothed minor female holding in both hands an erect penis of what appears to be an adult male.

5

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

      /S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

SUSAN S. HAR
Assistant United States Attorney
Public Corruption and Civil Rights Section