TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0631
    Facsimile: (213) 894-0141
    Email:    kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-00447-VAP |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ANTHONY BROWN |
| v. | |
| ANTHONY BROWN, | |
| Defendant. | |

    1.    This constitutes the plea agreement between Anthony Brown ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, to appear and plead guilty to count three of the indictment in United States v. Brown, No. 2:21-CR-00447-VAP,

ACP
2/1/2022

which charges defendant with distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).

　　　　b.　Not to contest facts agreed to in this agreement.

　　　　c.　To abide by all agreements regarding sentencing contained in this agreement.

　　　　d.　To appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

　　　　e.　Not to commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

　　　　f.　To be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

　　　　g.　To pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

　　　　h.　Not to seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

　　　　i.　Not to oppose the imposition of a term of supervised release under the following conditions:

　　　　　　i.　Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first

2

time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on release from imprisonment.

ii.  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence investigation report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2). Defendant shall not possess or view any materials such as videos,

magazines, photographs, computer images, or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the Probation Officer has approved of defendant's possession of the materials in advance.

v.   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.  Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal

4

product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.   Defendant shall not own, use, or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.   Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days before any scheduled change.

xi.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days before any scheduled move.

xii. Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.    Defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer before defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

THE USAO'S OBLIGATIONS

3.  The USAO agrees:

a.  Not to contest facts agreed to in this agreement.

b.  To abide by all agreements regarding sentencing contained in this agreement.

c.  At the time of sentencing, to move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

6

1   Sentencing Guidelines range, the propriety and extent of any

2   departure from that range, and the sentence to be imposed.

3          d.   At the time of sentencing, provided that defendant

4   demonstrates an acceptance of responsibility for the offense up to

5   and including the time of sentencing, to recommend a two-level

6   reduction in the applicable Sentencing Guidelines offense level,

7   pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move

8   for an additional one-level reduction if available under that

9   section.

10         e.   To recommend that defendant be sentenced to a term of

11  imprisonment no higher than the low end of the applicable Sentencing

12  Guidelines range, subject to the statutory mandatory minimum,

13  provided that the offense level used by the Court to determine that

14  range is 27 or higher and provided that the Court does not depart

15  downward in offense level or criminal history category.  For purposes

16  of this agreement, the low end of the Sentencing Guidelines range is

17  that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

18                        NATURE OF THE OFFENSE

19     4.   Defendant understands that for defendant to be guilty of

20  the crime charged in count three, that is, distribution of child

21  pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), the

22  following must be true:

23         a.   First, that defendant knowingly distributed a visual

24  depiction in or affecting interstate commerce, by any means including

25  by computer or mail;

26         b.   Second, that the production of such visual depiction

27  involved the use of a minor engaging in sexually explicit conduct;

28

 c.   Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

 d.   Fourth, that defendant knew that such visual depiction was of sexually explicit conduct; and

 e.   Fifth, defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

5.   "Visual depiction" includes data stored by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.  "Sexually explicit conduct" means actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

<u>PENALTIES</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2552A(a)(2)(A), (b)(1): 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. §§ 2552A(a)(2)(A), (b)(1), is: five years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

8.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements, including but not limited to the conditions set forth in paragraph 2(i) above.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, for a possible maximum term of registration up to and including life.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

13.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant

10

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

In October 2019, in Los Angeles County, within the Central District of California, defendant set up an account with the username "Kristen Funone" on the social media website and interactive computer service MeWe for the purpose of distributing and possessing child pornography, the production of which defendant knew involved the use of minors engaging in sexually explicit conduct.

Between October 2019 and May 13, 2020, in Los Angeles County, within the Central District of California, defendant regularly used his smart phone (a computer) to log into MeWe, including when he was on duty as a Long Beach Police Department ("LBPD") police officer. While logged in, defendant knowingly distributed and possessed child pornography.  Specifically, defendant used his MeWe account to store and send to other MeWe users visual depictions (that is, electronic images and videos) of minors (including prepubescent minors younger than 12) engaged in sexually explicit conduct.  For example:

- On November 3, 2019, while on duty, defendant sent another MeWe user: (1) an image depicting a nude female, appearing to be 14 to 17 years old, lying on fabric; and (2) an image depicting two minor females, appearing to be 7 to 10 years old, with their genitalia exposed on a beach.

- On November 4, 2019, defendant sent another MeWe user an image of a nude female, appearing to be 14 to 17 years old, posing in the woods.

- On March 25, 2020, while on duty, defendant sent another MeWe user an image of a nude female, appearing to be 14 to 16 years old, doing a backbend.

- On April 6, 2020, while on duty, defendant sent another MeWe user: (1) an image of a nude female, appearing to be 10 to 12 years old, holding the penis of what appears to be an adult male; and (2) a video of a nude female, appearing to be 7 to 10 years old, performing oral copulation on an adult male.

- Sometime between October 28, 2019, and May 13, 2020, defendant stored on his MiWi "My Cloud" folder an image of a clothed female, appearing to be 11 to 12 years old, holding in both hands an erect penis of what appears to be an adult male.

In total, defendant distributed at least ten images of child pornography.  At all relevant times, defendant used a means and facility of interstate and foreign commerce, namely, an internet-based messaging application, and distributed and possessed images that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone.  At all relevant times, defendant knew that the images and videos he distributed and possessed were visual depictions of minors engaging in sexually explicit conduct, the production of which involved the use of minors engaging in sexually explicit conduct.

1    Also while using the MeWe account, defendant engaged in graphic
2    conversations with other MeWe users in which he posed as his wife,
3    discussed fantasy group sex acts, and discussed including in those
4    fantasy sex acts his wife's then-19-year-old daughter, a fictional
5    13-year-old daughter, and a fictional eight-year-old niece.
6    Defendant later admitted to law enforcement officers that he, not his
7    wife, was the creator and user of the MeWe account.

8    On May 27, 2020, a LBPD detective called defendant and told him
9    that an account associated with his phone number had been used to
10   upload child pornography.  Defendant admitted that he was familiar
11   with MeWe and advised the detective that he would seek out
12   information about sex offender support groups.  That same day,
13   defendant conducted a factory reset of his smart phone, which deleted
14   all the data that his smart phone had accumulated before that day and
15   thus destroyed or concealed evidence that was material to the
16   official investigation of defendant's distribution and possession of
17   child pornography.  By that act, defendant willfully obstructed or
18   impeded, and tried to obstruct and impede, the administration of
19   justice with respect to the investigation, prosecution, and
20   sentencing of his distribution and possession of child pornography.

21                         SENTENCING FACTORS

22   14.  Defendant understands that in determining defendant's
23   sentence the Court is required to calculate the applicable Sentencing
24   Guidelines range and to consider that range, possible departures
25   under the Sentencing Guidelines, and the other sentencing factors set
26   forth in 18 U.S.C. § 3553(a).  Defendant understands that the
27   Sentencing Guidelines are advisory only, that defendant cannot have
28   any expectation of receiving a sentence within the calculated

                                   13

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Prepubescent Minor: | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Knowingly Engaged in Distribution: | +2 | U.S.S.G. § 2G2.2(b)(3)(F) |
| Use of a Computer or Interactive Computer Service: | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 10 to 150 Images: | +2 | U.S.S.G. § 2G2.2(b)(7)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

1        a.   The right to persist in a plea of not guilty.

2        b.   The right to a speedy and public trial by jury.

3        c.   The right to be represented by counsel –- and if
4 necessary have the Court appoint counsel -- at trial.  Defendant
5 understands, however, that, defendant retains the right to be
6 represented by counsel –- and if necessary have the Court appoint
7 counsel –- at every other stage of the proceeding.

8        d.   The right to be presumed innocent and to have the
9 burden of proof placed on the government to prove defendant guilty
10 beyond a reasonable doubt.

11        e.   The right to confront and cross-examine witnesses
12 against defendant.

13        f.   The right to testify and to present evidence in
14 opposition to the charges, including the right to compel the
15 attendance of witnesses to testify.

16        g.   The right not to be compelled to testify, and, if
17 defendant chose not to testify or present evidence, to have that
18 choice not be used against defendant.

19        h.   Any and all rights to pursue any affirmative defenses,
20 Fourth Amendment or Fifth Amendment claims, and other pretrial
21 motions that have been filed or could be filed.

22   19.  Understanding that the government has in its possession
23 digital devices and/or digital media seized from defendant, defendant
24 waives any right to the return of digital data contained on those
25 digital devices and/or digital media and agrees that if any of these
26 digital devices and/or digital media are returned to defendant, the
27 government may delete all digital data from those digital devices
28 and/or digital media before they are returned to defendant.

1    <u>WAIVER OF APPEAL OF CONVICTION</u>

2        20.  Defendant understands that, with the exception of an appeal

3   based on a claim that defendant's guilty plea was involuntary, by

4   pleading guilty defendant is waiving and giving up any right to

5   appeal defendant's conviction on the offense to which defendant is

6   pleading guilty.  Defendant understands that this waiver includes,

7   but is not limited to, arguments that the statute to which defendant

8   is pleading guilty is unconstitutional, and any and all claims that

9   the statement of facts provided herein is insufficient to support

10  defendant's plea of guilty.

11   <u>WAIVER OF APPEAL OF SENTENCE</u>

12       21.  Defendant agrees that, provided the Court imposes a total

13  term of imprisonment within or below the range corresponding to an

14  offense level of 29 and the criminal history category calculated by

15  the Court, subject to the statutory mandatory minimum, defendant

16  gives up the right to appeal all of the following: (a) the procedures

17  and calculations used to determine and impose any portion of the

18  sentence; (b) the term of imprisonment imposed by the Court, provided

19  it is within the statutory maximum; (c) the fine imposed by the

20  Court, provided it is within the statutory maximum; (d) to the extent

21  permitted by law, the constitutionality or legality of defendant's

22  sentence, provided it is within the statutory maximum; (e) the term

23  of supervised release imposed by the Court, provided it is within the

24  statutory maximum; and (f) any of the following conditions of

25  supervised release imposed by the Court: the conditions set forth in

26  Second Amended General Order 20-04 of this Court; the drug testing

27  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the

28  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

and any conditions of supervised release agreed to by defendant in paragraph 2 above.

22.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory mandatory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 29 and the criminal history category calculated by the Court, subject to the statutory mandatory minimum, the USAO gives up its right to appeal any portion of the sentence.

<u>WAIVER OF COLLATERAL ATTACK</u>

23.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

<u>RESULT OF VACATUR, REVERSAL, OR SET-ASIDE</u>

25.  Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will be
released from all their obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

26.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

27.  Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached.  All of defendant's obligations
are material, a single breach of this agreement is sufficient for the
USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred before the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                             OFFICE NOT PARTIES

3      29.   Defendant understands that the Court and the United States

4  Probation and Pretrial Services Office are not parties to this

5  agreement and need not accept any of the USAO's sentencing

6  recommendations or the parties' agreements to facts or sentencing

7  factors.

8      30.   Defendant understands that both defendant and the USAO are

9  free to: (a) supplement the facts by supplying relevant information

10 to the United States Probation and Pretrial Services Office and the

11 Court, (b) correct any and all factual misstatements relating to the

12 Court's Sentencing Guidelines calculations and determination of

13 sentence, and (c) argue on appeal and collateral review that the

14 Court's Sentencing Guidelines calculations and the sentence it

15 chooses to impose are not error, although each party agrees to

16 maintain its view that the calculations in paragraph 15 are

17 consistent with the facts of this case.  While this paragraph permits

18 both the USAO and defendant to submit full and complete factual

19 information to the United States Probation and Pretrial Services

20 Office and the Court, even if that factual information may be viewed

21 as inconsistent with the facts agreed to in this agreement, this

22 paragraph does not affect defendant's and the USAO's obligations not

23 to contest the facts agreed to in this agreement.

24     31.   Defendant understands that even if the Court ignores any

25 sentencing recommendation, finds facts or reaches conclusions

26 different from those agreed to, and/or imposes any sentence up to the

27 maximum established by statute, defendant cannot, for that reason,

28 withdraw defendant's guilty plea, and defendant will remain bound to

20

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____          3/4/2022
KATHRYNNE N. SEIDEN                       Date
Assistant United States Attorney

_____          03/04/2022
ANTHONY BROWN                             Date
Defendant

_____          March 3, 2022
HOWARD PRICE                              Date
DANA COLE
Attorneys for Defendant
Anthony Brown

22

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either before or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____           03/04/2022
ANTHONY BROWN                              Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Anthony Brown's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either before or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

HOWARD PRICE
DANA COLE
Attorneys for Defendant
Anthony Brown

Date